

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:24-CR- 176 |
| FARUK SYED | § § § | Judge ALM/KPJ |

## INDICTMENT

THE UNITED STATES ATTORNEY CHARGES:

### General Allegations

At all times material to the facts set forth in this Indictment:

#### *The Small Business Administration*

1.  The United States Small Business Administration (SBA) was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.  As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

#### *The Economic Injury Disaster Loan Program*

3.  The Economic Injury Disaster Loan (EIDL) Program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The Coronavirus Aid, Relief, and Economic

Security (CARES) Act authorized the SBA to provide EIDLs up to $2,000,000 to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

4. In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as: (1) the number of employees, (2) gross revenues for the 12-month period preceding the disaster, and (3) cost of goods sold in the 12-month period preceding the disaster. The 12-month period for EIDLs for COVID-19 relief was from January 31, 2019, to January 31, 2020. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge.

5. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application were approved, was determined based on the information provided by the applicant about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

Case 4:24-cr-00176-ALM-KPJ   Document 1   Filed 08/15/24   Page 3 of 9 PageID #:  3

6. The submission of EIDL loan applications, as well as the funding of the loans, caused transmissions affecting interstate commerce.

### *Faruk Syed*

7. **Faruk Syed**, the defendant, was employed by the SBA as a loan specialist within the Processing and Disbursement Center. **Syed** was responsible for reviewing and approving EIDL applications related to the CARES Act.

8. **Syed** lived and worked within the Eastern District of Texas.

### COUNT 1

Violation: 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

9. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

10. Beginning on or about a date unknown, but as early as April 10, 2020, and continuing until on or about a date unknown, but as late as December 3, 2020, in the Eastern District of Texas and elsewhere, the defendant, **Faruk Syed,** along with others, both known and unknown to the grand jury, did knowingly and willfully conspire and agree to commit wire fraud, in violation of 18 U.S.C. § 1343, that is, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud the SBA and for obtaining money and property by means

Indictment
Page 3 of 9

of false and fraudulent material pretenses, representations, and promises, namely by filing a false and fraudulent application for EIDL funds.

## Purpose of the Conspiracy

11. It was the general purpose of the conspiracy for the defendant and others to unlawfully and unjustly enrich themselves by obtaining EIDL funds through false and fraudulent material pretenses, representations, and promises.

## Manner and Means of the Conspiracy

12. The manner and means by which the defendant and others sought to accomplish the purpose of the conspiracy included, among others, the following:

   a. The defendant and others submitted multiple EIDL applications that contained false and fraudulent material pretenses, representations, and promises.

   b. The defendant and others submitted falsified and fabricated supporting documentation with the loan applications.

   c. The defendant and others submitted the applications using the internet. Some of the applications submitted during the conspiracy were sent from internet protocol addresses that resolved back to locations in the Eastern District of Texas.

   d. The defendant and others used the EIDL funds for unauthorized purposes, including personal expenses and funding the defendant's Fidelity Investment Account.

   e. The defendant and others caused transmissions that affected interstate commerce by submitting EIDL applications online and receiving the loan proceeds by wire.

## Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, the defendant and others committed the following acts, among others, in the Eastern District of Texas and elsewhere:

13. On or about April 10, 2020, the defendant and his co-conspirators submitted an EIDL application that contained false and fraudulent material pretenses, representations, and promises.

14. On or about September 12, 2020, the defendant, acting in his capacity as an SBA employee, obligated and approved the EIDL application submitted April 10, 2020, which caused the deposit of $143,500 in loan proceeds into a financial institution account owned and controlled by the defendant and his co-conspirators.

15. On or about August 26, 2020, the defendant and his co-conspirators submitted an EIDL application that contained false and fraudulent material pretenses, representations, and promises.

16. On or about August 27, 2020, the defendant, acting in his capacity as an SBA employee, obligated and approved the EIDL application submitted August 26, 2020, which caused the deposit of $147,500 in loan proceeds into a financial institution account owned and controlled by the defendant and his co-conspirators.

17. On or about September 6, 2020, the defendant and his co-conspirators submitted an EIDL application that contained false and fraudulent material pretenses, representations, and promises.

18. The defendant, acting in his capacity as an SBA employee, obligated and approved the loan for $143,800. However, the SBA flagged the application as suspected fraud and did not fund the loan.

All in violation of 18 U.S.C. § 1349.

## COUNT 2

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

19. Between 2020 and continuing through the date of this Indictment, in the Eastern District of Texas and elsewhere, the defendant, **Faruk Syed**, did knowingly conspire with other persons known and unknown to the Grand Jury to violate 18 U.S.C. § 1957, to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343.

20. All in violation of 18 U.S.C. § 1956(h).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461

1. The allegations contained in Counts 1 and 2 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the offense(s), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property, which is subject to forfeiture, includes but is not limited to, a money judgment, and all interest and proceeds traceable thereto, representing the proceeds of the offenses, for which the defendants are jointly and severally personally liable.

3. Upon conviction of any violation of 18 U.S.C. § 1956, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1), including a money judgment representing funds involved in the offense.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;
   b. Has been transferred, or sold to, or deposited with a third party;
   c. Has been placed beyond the jurisdiction of the Court;
   d. Has been substantially diminished in value; or
   e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to,

any identifiable property in the name of the defendant, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

5. By virtue of the commission of the offenses alleged in this Indictment, any and all interest that the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____      __8-15-2024__
SEAN TAYLOR                   Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § No. 4:24-CR- |
| v. | § |
| | § Judge |
| FARUK SYED | § |

## NOTICE OF PENALTY

### Count One

**Violation:** 18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

**Penalty:** A fine of $250,000, or twice the pecuniary gain to the defendant or loss of the victim(s), whichever is greater; imprisonment for not more than 20 years; and a term of supervised release of not more than 3 years.

**Special Assessment:** $100

### Count Two

**Violation:** 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

**Penalty:** A fine of $250,000, or twice the pecuniary gain to the defendant or loss of the victim(s), whichever is greater; imprisonment for not more than 10 years; and a term of supervised release of not more than 3 years.

**Special Assessment:** $100